**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Antonio LEYVA–MARTINEZ,
a.k.a. Jose Antonio Levya–Hernandez, Defendant–Appellant.**

**No. 10–50269.**

United States Court of Appeals,
Ninth Circuit.

Submitted to a Motions
Panel Dec. 6, 2010.

Filed Jan. 27, 2011.

Daniel E. Butcher, Esquire, Assistant U.S. Attorney, Office of The U.S. Attorney, San Diego, CA, for the plaintiff-appellee.

Gary Paul Burcham, Esquire, San Diego, CA, for the defendant-appellant.

Before: ALFRED T. GOODWIN, PAMELA ANN RYMER, and SUSAN P. GRABER, Circuit Judges.

## ORDER

PER CURIAM:

Jose Antonio Leyva–Martinez appeals from the 70–month sentence imposed following his conviction for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Leyva–Martinez contends that the district court erred when it applied a 16–level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because his prior conviction for inflicting corporal injury on a spouse or co-habitant, in violation of California Penal Code § 273.5, does not qualify as a crime of violence. As Leyva–Martinez concedes however, this contention is foreclosed. *See United States v. Laurico–Yeno,* 590 F.3d 818, 823 (9th Cir.) (holding that a conviction under California Penal Code § 273.5 is categorically at "crime of violence" under the Sentencing Guidelines because the offense requires the intentional use of physical force against the person of another), *cert. denied,* —— U.S. ——, 131 S.Ct. 216, 178 L.Ed.2d 130 (2010).

Leyva–Martinez also contends the district court erred by applying 8 U.S.C. § 1326(b) to enhance his sentence. Specifically, he argues that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which permits enhancement based on the existence of a prior felony, has been overruled by *Nijhawan v. Holder,* —— U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), so that his prior felony conviction must be either admitted or proved to a jury beyond a reasonable doubt. We have repeatedly held, however, that *Almendarez–Torres* is binding unless it is expressly overruled by the Supreme Court. *See, e.g., United States v. Grajeda,* 581 F.3d 1186, 1197 (9th Cir.2009), *cert. denied,* —— U.S. ——, 131 S.Ct. 583, 178 L.Ed.2d 425 (2010); *Butler v. Curry,* 528 F.3d 624, 643–44 (9th Cir.) (citing cases), *cert. denied* —— U.S. ——, 129 S.Ct. 767, 172 L.Ed.2d 763 (2008). Because *Nijhawan* does not even mention

*Almendarez–Torres,* we cannot conclude that *Almendarez–Torres* has been expressly overruled and, accordingly, we reject Leyva–Martinez's contention to the contrary and grant appellee's motion for summary affirmance.

**AFFIRMED.**